Mr. Justice Olin
delivered the following dissentiug opinion:
I think the decree made in this case at the special term should be reversed; and I will state briefly my reasons for that conclusion.
The defendants against whom the bill is filed are members of a voluntary unincorporated association known as the German jRoman Catholic St. Joseph’s Liebes-Bundes, (Union of Blessed St. Joseph,) and the bill alleges that the members are exceedingly numerous, to wit, about two hundred and fifty, many of whose names are not known to the plaintiff, and it would be impracticable to make them parties to the suit without interminable delays and other inconveniences. The prayer in the bill is, first, that the defendants may be compelled to truthfully discover and show the enthe number of members belonging to said society on the 1st of September, *193 1875, and that they may be required to pay or caused to be paid to the plaintiff a sum of money equal to as many dollars-as there were members of the association.
The first objection to the decree in this case is, that the suit is not brought against the association, but against certain persons who are styled president, secretary, treasurer, and standing committee.
So far as the disclosure asked for in the bill as to who composed the members of the association, no proceedings whatever were taken to make such members parties to the suit, and the cause proceeded to a final decree, in substance as follows: that the defendant, or the proper officers of said association, pay plaintiff two hundred and fourteen dollars, with interest from September, 1875, and the cost of suit, out of any moneys, credits, or property of said association, and that she have execution therefor.
The second objection to this decree arises from the fact that the sum of one dollar agreed to be paid to the family of a deceased member was not a joint contract on the part of the members of the association to become responsible for any defaulting member’s dues, who is unwilling or unable to pay the sum of one dollar on the decease of any member, or the-expense of music at his funeral. If the association possessed! any joint property, it could not, by anj- rule of law, be* touched in this case; for to do so would make the paying-members not only responsible for the sum agreed to be paid by them, but also the guarantors for the payment of the dues which other members of the association are unwilling or unable to pay. The engagement that each member of the association enters into, to pay his dues, is not a joint contract, but a several one, and no member of the association can be held liable for the default of any other member; and lastly, if this were not so, by article 15, section 4, of this association, it is provided that it is the duty of every member to pay the sum of one dollar death money, and ten cents for music, within the first two meetings after the decease of a member; by article 54, section 3, it is provided that a motion to appropri *194 ate a sum of money in excess of twenty-five dollars shall lay on the table one month, and shall only be carried by a two-thirds majority of the members present.
This vote was never obtained, and the construction sought to be given to article 6, sectiou 1, would not avail the plaintiff, for such construction would make it a condition precedent to enable the plaintiff to recover. Article 6, section 1, provides that it shall be the duty of the treasurer to receive all society as well as death moneys, and pay all orders, sick and death moneys, upon formal orders from the secretary, signed by the president and standing committees.
These articles of the association are written in German, and bad German, too. The words in the sixth article, inclosed in brackets, “to collect,” are evidently a mistranslation of the article in the original German, and leave it to read, “It shall be the duty of the treasurer to receive,” &c. The difference between the duty to receive and to collect is very manifest, especially under articles of association like these. No power could be conferred on the treasurer to collect the dues owing by any delinquent member; he could very readily be empowered to receive all moneys voluntarily paid over to him.